UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 5, 2020

LETTER TO COUNSEL:

RE: *Jolanda J. v. Andrew M. Saul, Commissioner of Social Security*[1]
Civil No. TJS-18-3769

Dear Counsel:

On December 7, 2018, Plaintiff Jolanda J.[2] petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 11 & 14.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

In her applications for DIB and SSI, Jolanda J. alleged a disability onset date of August 31, 2007, but later amended the alleged onset date to February 21, 2012. (Tr. 11.) Her applications were denied initially and on reconsideration. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on March 12, 2014 (Tr. 26-54), and the ALJ found that Jolanda J. was not disabled under the Social Security Act (Tr. 11-22). The Appeals Council denied Jolanda J.'s request for review (Tr. 1-3), and she appealed her denial to this Court. On September 7, 2016, this Court remanded the case to the Commission for further administrative action. (Tr. 341-44.)

While her previous appeal in this Court was pending, Jolanda J. filed new DIB and SSI claims. (Tr. 609-15.) Those applications were denied initially and on reconsideration. (Tr. 444-59.) She requested a hearing on those claims, and the Appeals Council consolidated the remanded

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Judge Stephanie A. Gallagher. On November 19, 2019, it was reassigned to Magistrate Judge Deborah L. Boardman. On December 31, 2019, it was reassigned to me.

claims with Jolanda J.'s subsequently filed claims. (Tr. 436-38.) A hearing was held before an ALJ on March 14, 2018 (Tr. 345-64), and on August 8, 2018, the ALJ issued a second decision denying Jolanda J.'s claim for benefits (Tr. 314-32). This decision is the final, reviewable decision of the agency.

The ALJ evaluated Jolanda J.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Jolanda J. had engaged in substantial gainful activity between January 28, 2013 and July 31, 2013, which is after the amended alleged onset date. (Tr. 319.) The ALJ also found, however, that "there has been a continuous 12-month period[] during which the claimant did not engage in substantial gainful activity." (Tr. 320.) At step two, the ALJ found that Jolanda J. suffered from the following severe impairments:

> Seizure disorder, Obesity, status post Roux en-Y gastric bypass in 2004; Left second digit distal phalanx amputation; Urge incontinence; Lumbar spondylosis; facet arthropathy; Thoracic spine wedging; Bilateral knee arthritis; a mental impairment variously diagnosed as a mood disorder secondary to a general medical condition, learning disorder NOS, unspecific major depressive disorder, major depression without psychosis; major depression.

(Tr. 320.)

At step three, the ALJ found Jolanda J.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 320.) The ALJ determined that Jolanda J. retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, sit for a total of about 6 hours in an 8-hour workday, frequently climb ramps and stairs, stoop, kneel, crouch and crawl, and never climb ladders, ropes and scaffolds and balance. She requires the ability to alternative between sitting and standing every 30 minutes. She is limited to performing simple 1-4 step, routine, repetitive tasks in a work environment where there would only be occasionally contact with co-workers and supervisors and no contact with the general public.

(Tr. 323.)

At step four, the ALJ determined that Jolanda J. was unable to perform any past relevant work. (Tr. 329.) At step five, relying on the testimony of a vocational expert, the ALJ found that Jolanda J. could perform jobs that exist in substantial numbers in the national economy, including assembler, inspector, and general office clerk. (Tr. 331.) Accordingly, the ALJ concluded that she was not disabled under the Social Security Act. (Tr. 332.)

Jolanda J. presents four arguments in this appeal: (1) the ALJ did not properly evaluate her borderline age situation; (2) the ALJ failed to adequately explain his RFC findings regarding her mental limitations; (3) the ALJ's RFC determination does not take into account her moderate difficulties in maintaining concentration, persistence, and pace, and therefore runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d 632; and (4) the ALJ failed to include exertional limitations in the RFC determination related to her abilities to stand and walk. (ECF No. 11-1 at 4-15.) The Court will address each of these arguments below.

On the date of the ALJ's written decision, August 8, 2018, Jolanda J. was about 26 days away from reaching the age of 55. (ECF No. 11-1 at 4.) She argues that the ALJ improperly analyzed the age category to be applied to her case. As part of the sequential evaluation of disability, if a claimant is unable to perform past relevant work, the ALJ considers the medical-vocational guidelines, otherwise known as the grids, to aid in determining if the claimant is capable of performing other work. 20 C.F.R. §§ 404.1569, 416.969. The grids are divided by exertional level of work and dictate findings of disabled or not disabled based on the claimant's age, education, and work experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(a). Social Security regulations define a person ages 18 through 49 as a "younger individual," a person ages 50 through 54 as an individual "closely approaching advanced age," and a person who has attained the age of 55 as a person of "advanced age." 20 C.F.R. §§ 404.1563, 416.963. An ALJ should "not apply the age categories mechanically in a borderline situation," and if a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all factors of [the claimant's] case." *Id.* §§ 404.1563(b), 416.963(b).

In his written decision, the ALJ recognized the existence of a borderline age situation in this case. (Tr. 330.) The ALJ found that use of the higher age category "is not supported by the limited adverse impact of all factors on the claimant's ability to adjust to other work." (*Id.*) The ALJ explained that given the claimant's educational background (she completed her GED in 1982 and subsequently "achieved various computer skills certifications"), her recent work history (as recently as 2013, the ALJ found that the claimant performed substantial gainful activity), and the fact that her current RFC was more restrictive in both exertional restrictions and skill level than her past work, application of the higher age category was not appropriate. Regardless of whether the ALJ was correct in concluding that the claimant's work in 2013 qualified as substantial gainful activity (it appears that her monthly earnings from the work were in excess of the threshold at the time), the ALJ properly considered the claimant's borderline age situation. The claimant may disagree that a period of work five years before the decision was "relatively recent," but this is not a basis for remand. In addition, as discussed below, the ALJ properly considered the opinions of the State agency consultants in formulating the RFC. The ALJ's decision regarding Jolanda J.'s borderline age situation is supported by substantial evidence and sound reasoning.

Next, Jolanda J. argues that the ALJ did not adequately explain how he determined that she was capable of performing "simple 1-4 step, routine, repetitive tasks in a work environment" with limited interaction with others. (ECF No. 11-1 at 12.) At step two, the ALJ discussed Jolanda J.'s mental impairments and made findings regarding her limitations in several functional areas. In making these findings, the ALJ referred to the longitudinal record of Jolanda J.'s treatment as well

3

as other evidence in the record that demonstrated her functional abilities, including her living arrangements and regular activities. (Tr. 322-26.) Citing to the opinion of two State agency consultants, the ALJ determined that Jolanda J. can "perform at least simple and repetitive tasks on a sustained basis" and has the "capacity for sustained simple and repetitive tasks." (Tr. 328.) The ALJ further noted that this finding was consistent with other evidence in the record. The Court is satisfied with the ALJ's discussion of Jolanda J.'s mental limitations and concludes that the RFC determination as to Jolanda J.'s ability to perform simple, repetitive tasks is supported by substantial evidence and sound application of the governing standards.

Jolanda J.'s next argument is that the ALJ did not evaluate her mental impairments in accordance with *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In this case, unlike *Mascio,* the ALJ adequately explained how Jolanda J.'s moderate limitations in concentration, persistence, and pace were accommodated in her RFC. The ALJ limited Jolanda J. to "performing simple 1-4 step, routine, repetitive tasks in a work environment" with limited interaction with others on a sustained basis. (Tr. 323.) As explained above, this limitation is supported by the opinions of two State agency consultants, which the ALJ found to be consistent with other evidence in the record. The Court concludes that the ALJ's RFC determination and related findings are supported by substantial evidence and comply with the dictates of *Mascio*. *See Shinaberry v. Saul*, --- F.3d ----, 2020 WL 908887, at *4-5 (4th Cir. Feb. 26, 2020) (holding that an ALJ's finding that limited a claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for the claimant's mental limitations where the ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence). Because the ALJ's analysis and RFC determination complies with the holding in *Mascio*, this argument is without merit.

Jolanda J.'s final argument is that the ALJ "failed to include any limitation upon the Plaintiff's abilities to stand and walk" in the RFC. (ECF No. 11-1 at 15.) This argument is also unpersuasive. First, the Court notes that the ALJ did accommodate Jolanda J.'s limitations with standing and walking by including a limitation in the RFC that permitted her "the ability to alternative between sitting and standing every 30 minutes" and to walk or stand for no more than six out of eight hours each workday. (Tr. 323.) Second, the Court concludes that the RFC determination is supported by substantial evidence and a sound explanation. In finding that Jolanda J. required the ability to alternate between sitting and standing, the ALJ relied on Jolanda J.'s history of seizures and her subjective complaints of pain. (*Id.*) While each of these conditions were well-controlled with medication and exercise, the ALJ nonetheless included them as limitations in the RFC. In addition, the ALJ relied on a State agency consultant's opinion regarding Jolanda J.'s ability to walk or stand for six hours in an eight-hour workday. (Tr. 329.) After having summarized

Jolanda J.'s longitudinal record of symptoms, treatment, and activities, the ALJ concluded that the consultant's opinion as to Jolanda J.'s ability to stand and walk during a workday was consistent with the other evidence. Jolanda J. may disagree with the ALJ's findings, but this Court is not permitted to reweigh the evidence or substitute the Court's judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (noting that the Court's role is to assess whether substantial evidence supports the ALJ's conclusion).

For the reasons set forth herein, Jolanda J.'s Motion for Summary Judgment (ECF No. 11) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 14) will be **GRANTED**. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge